UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-411-BR

| | |
|---|---|
| CHRISTOPHER EUGENE BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's Motion for Default Judgment, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), and Plaintiff's Motion to Amend. The period to respond and reply to these motions has elapsed, and the matter is now ripe for disposition.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, is a union member in Defendant's employ and alleges several transgressions by Defendant including violations of the National Labor Relations Act (NLRA), the North Carolina Wage and Hour Act (NCWHA), the Labor Management Relations Act (LMRA), the Fair Labor Standards Act (FLSA), and some federal and state administrative code sections. Compl. ¶¶ 1-7. Plaintiff asserts, among other things, that Defendant altered his time cards to keep from paying him wages and overtime pay he earned, reclassified his position but failed to pay him at the promised rate, and used improper influence to suppress employee rights, all in violation of various state and federal laws and the collective bargaining agreements (CBAs) his union has with Defendant. *Id.*

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment because of Defendant's failure to answer the complaint. Under the Federal Rules of Civil Procedure, a defendant may either answer the complaint or move to dismiss the complaint under Rule 12 within twenty-one days of receiving the summons and complaint, or, as in this case, within sixty days of receiving a request for waiver of summons. *See* Fed. R. Civ. P. 12(a)(1)(A), (a)(4), (b). "The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a). Thus, it is clear that if a Motion to Dismiss, pursuant to Rule 12, is timely filed, the action is defended and default should not be entered." *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (citations omitted). Accordingly, because Defendant filed a motion to dismiss the complaint under Rule 12(b)(1) and (b)(6) in lieu of an answer, entry of default judgment is not appropriate.

## III. MOTION TO DISMISS AND MOTION TO AMEND COMPLAINT

In the United States the "law" is made up of statutes passed by legislative bodies *and* court decisions interpreting statutes and filling in the gaps to create "common law" when no statutory law on point exists. *See Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2626-27 (2008). It is a well-settled rule of common law that unless a statute passed by Congress specifically confers upon a private individual the right to sue under that statute, such a right does not exist. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145 (1985) ("[U]nless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." (quotation omitted)).

Some laws are created with the intent in mind – or gain such interpretation through subsequent court decisions – that they will be enforced exclusively through some administrative

2

agency. This is the case with the NLRA; the Supreme Court has determined that the National Labor Relations Board (NLRB) has sole power to adjudicate NLRA violations. *See Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 50 (1998) (stating that "federal district courts cannot resolve pure statutory claims under the NLRA"); *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1168 (4th Cir. 1985) (explaining that "state (and Federal) courts generally may not adjudicate claims based on conduct that is protected or prohibited by federal labor law" because of the importance of "protect[ing] the primary jurisdiction of the administrative agency created by Congress to oversee the development of uniform rules of law governing labor-management relations" (citing, *inter alia*, *Vaca v. Sipes*, 386 U.S. 171, 178-79 (1967))). A plaintiff must bring a lawsuit under the correct section of a law – one that creates an individual right to sue under that law – or the lawsuit could be dismissed for lack of jurisdiction (that is, the court is not empowered to hear that kind of lawsuit) or failure to state a claim (that is, the allegations do not constitute a violation of any statutorily or judicially recognized right that the plaintiff may claim). Defendant alleges that Plaintiff's claims are deficient in these ways.

A lawsuit may be dismissed for failure to state a claim – even if it is brought under the correct section of a law – if the complaint does not contain enough factual allegations such that, if all the allegations are true, it could show (though it need not "prove") the particular violation alleged. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). In evaluating a motion to dismiss under Rule 12(b)(6), the court must take all the factual allegations in the complaint as true, but legal conclusions and conclusory allegations need not be accepted as true if not supported by sufficient factual allegations. *Id.* Different laws require different specific facts to be alleged to show the violation as a whole. Each violation listed in the complaint must include enough factual allegations to show that the violation at least *plausibly* – not merely *possibly* –

3

happened. *See id.*

A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction to hear the subject matter of the case, and the burden is on Plaintiff to show by a preponderance, that is, showing it is more likely than not, that the court is empowered to hear the case. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir.), *cert. denied*, 130 S. Ct. 229 (2009); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

**A. Claims Under the NLRA**

Plaintiff alleges that Defendant violated 29 U.S.C. § 158. Compl. ¶¶ 1-2. Claims under sections 7 and 8 of the NLRA, 29 U.S.C. §§ 157-158, are under the exclusive original jurisdiction of the NLRB. *See Lontz v. Tharp*, 413 F.3d 435, 442 (4th Cir. 2005). Thus, Plaintiff's claims regarding Defendant's allegedly unfair labor practices in violation of the NLRA may not be heard by this court and must be brought before the NLRB.

**B. Claims Under the NCWHA and the LMRA**

Plaintiff alleges that Defendant violated North Carolina General Statutes sections 95-25.6 and 95-25.13, which fall under the NCWHA, and his supporting factual allegations assert that Defendant breached several sections of the CBA between Defendant and Plaintiff's union. Compl. ¶ 7. Plaintiff also alleges that Defendant violated 29 U.S.C. § 141(b), Compl. ¶ 3, which outlines the purposes and policies of the LMRA, 29 U.S.C. § 141(b) (2006).

Section 301 of the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has held that state law claims are "pre-empted by § 301 of the Labor Management Relations Act . . . if [adjudication of the claims] requires the

4

interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *see also Washington v. Union Carbide Corp.*, 870 F.2d 957, 959 (4th Cir. 1989). "In order to determine the preemptive effect of § 301, however, a court must first examine the [facts that are necessary to prove the state law claim]." *Washington*, 870 F.2d at 959.

Section 95-25.6 requires an employer to pay wages when due. N.C. Gen. Stat § 95-25.6 (2010). Although a violation of this section need not be based upon an express contract, *Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 821-22 (E.D.N.C. 2008), determining whether Defendant violated the statute in this case would require the court to interpret the CBA regarding entitlement to pay in the first instance as well as rates of pay, hours, and computation of time. The complaint itself refers to sections of the CBA to support its allegation that Defendant violated this state law. *See* Compl. ¶ 7. Thus, Plaintiff's claim under section 95-25.6 is pre-empted by LMRA section 301.

Section 95-25.13 states that an employer must:

(1) Notify its employees, orally or in writing at the time of hiring, of the promised wages and the day and place for payment;
(2) Make available to its employees, in writing or through a posted notice maintained in a place accessible to its employees, employment practices and policies with regard to promised wages;
(3) Notify employees, in writing or through a posted notice maintained in a place accessible to its employees, at least 24 hours prior to any changes in promised wages. Wages may be retroactively increased without the prior notice required by this subsection; and
(4) Furnish each employee with an itemized statement of deductions made from that employee's wages under G.S. 95-25.8 for each pay period such deductions are made.

N.C. Gen. Stat. § 95-25.13. The court may not need to resort to interpreting the CBA to determine whether Plaintiff received notices of his promised wage, Defendant's wage-related policies, and reductions of his wage made by Defendant.

5

However, a predicate for recovery under this statute is an employee's ability to show that he met the conditions necessary to earn the wages to which he was entitled by performing the required work. *See Kornegay v. Aspen Asset Group, LLC*, 693 S.E.2d 723, 735-36 (N.C. Ct. App. 2010). In determining what Plaintiff's promised wage is and what work Plaintiff must perform to earn that wage, the court would presumably have to interpret applicable provisions of the CBA – specifically those referenced by Plaintiff in the complaint. *See* Comp. ¶ 7.1 ("UPS upon hiring me did promise me that I . . . would be paid the same as outlined in the UPS Collective Bargaining Agreements."). Therefore, Plaintiff's section 95-25.13 claim is also pre-empted by LMRA section 301.

Pre-emption by section 301 does not mean Plaintiff has no valid claims; it simply means that Plaintiff's state law claims are converted to a federal claim under LMRA section 301 for purposes of testing whether Plaintiff pleads enough allegations to sustain a claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Traditional section 301 claims are brought by a union against an employer to enforce a CBA. *See Carrion v. Enterprise Ass'n*, 227 F.3d 29, 34 (1st Cir. 2000). However, the Supreme Court has held that individual employees, by nature of the uniquely personalized harm to them, have standing to bring claims under section 301 for violations of CBAs that affect wages and overtime pay. *Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 298 (1971); *Smith v. Evening News Ass'n*, 371 U.S. 195, 198-201 (1962).

Due to the nature of CBAs and the applicable law, most section 301 claims by individual employees require employees to allege not only that their employer violated the CBA but also that their union violated its duty of fair representation; this extra pleading requirement stems from either the usual prerequisites to bringing a straight breach of contract claim or from the

6

factual circumstances giving rise to typical section 301 "hybrid" claims. The Supreme Court recognized that an employee may bring a straight breach of contract claim under section 301 as a third-party beneficiary to a CBA. *International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 864-65 & n.7 (1987); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). But, because a union is often the exclusive bargaining agent of the employees, and because most CBAs include a mandatory grievance procedure, employees are usually required to first attempt to resolve their section 301 claims through the union via the CBA's grievance procedure. *DelCostello*, 462 U.S. at 163-64; *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965).

> Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement.

*Vaca v. Sipes*, 386 U.S. 171, 184 (1967). If an employee has not attempted to exhaust grievance or arbitration procedures required by the CBA,[1] a court must order the employee to do so before adjudicating a section 301 claim. *See, e.g.*, *United Steelworkers of Am. v. American Mfg. Co.*, 363 U.S. 564, 567-68 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581-82 (1960).

More typical section 301 "hybrid" claims occur at a later stage of the grievance or arbitration process. *See Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656-57 (4th Cir. 2002). If an employee exhausts the grievance or arbitration procedure required by a CBA, the employee will be bound by the results of the grievance procedure *unless* the employee shows that the union breached its duty of fair representation during the process. *DelCostello*, 462 U.S.

---

[1] Several exceptions to the exhaustion requirement exist. *See Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 330-31 (1969); *Vaca*, 386 U.S. at 184-85, 190-91.

7

at 163-65. It is the nature of such a claim rather than the nature of the parties that determines whether the action is a section 301 "hybrid" claim. *Carrion*, 227 F.3d at 34. The employee may choose to sue the employer, the union, or both, but in any case the employee must show that the union breached its duty of fair representation before a court may consider whether the employer breached the CBA. *DelCostello*, 462 U.S. at 165; *Thompson*, 276 F.3d at 656-57. In this instance, to show that a union breached its duty of fair representation, an employee must show that the union recklessly disregarded the employee's rights, was grossly deficient in its representation, or otherwise acted arbitrarily, discriminatorily, or in bad faith in handling the employee's grievances. *Thompson*, 276 F.3d at 657 & n.5.

The court does not have a copy of the CBA and, therefore, cannot say whether it contains a grievance procedure and whether that procedure is Plaintiff's exclusive recourse. Based on the complaint's reference to grievance procedures and settlement discussions, it is likely that the CBA contains such provisions and Plaintiff must specifically allege the nature of his attempts to exhaust the grievance procedures and any attendant failures by his union to represent him fairly through those procedures. Such allegations must be supported by specific facts in order to substantiate Plaintiff's claim; a rote recitation that "Plaintiff attempted to exhaust the CBA's grievance procedures" is insufficient. *See Iqbal*, 129 S. Ct. at 1949. The complaint does not contain enough specific allegations regarding CBA-mandated remedies or any breach by the union to support a claim under section 301.

The complaint does describe actions by the UPS Labor Manager "in an attempt to have [Plaintiff] drop [his] grievances," but it is unclear from the complaint whether the person specified is an agent of Plaintiff's union. Compl. ¶ 2. It is also unclear whether other named persons, for example Clayton Dorn and Steve Bishop, are representatives of Defendant or of

8

Plaintiff's union. Compl. ¶¶ 1-2. The court will permit Plaintiff the opportunity to amend his complaint to properly state a claim under section 301, if he desires. However, in the amended complaint, Plaintiff may not bring a claim under 29 U.S.C. § 141(b) or under NCWHA provisions referenced above; Plaintiff's only potential claim in this vein is under section 301 of the LMRA, 29 U.S.C. § 185.

### C. Claims Under the FLSA

Plaintiff also alleges that Defendant violated the overtime and recordkeeping provisions of the FLSA, 29 U.S.C. §§ 207, 211(c). Compl. ¶ 6(b). In addition, the complaint lists allegations under other provisions of the FLSA, 29 U.S.C. § 204(a)(1) and (a)(2). Compl. ¶¶ 4-5. The FLSA makes clear, however, that claims by private individuals for violations of the FLSA can only be brought under §§ 206, 207, and 215(a)(3). 29 U.S.C. § 216(b). The recordkeeping section of the FLSA does not confer upon private individuals a right to sue under it; only the federal Department of Labor is empowered to enforce that provision. *See* 29 U.S.C. § 211; *Barton v. Pantry, Inc.*, No. 1:04-CV-748, 2006 WL 1367421, *3 (M.D.N.C. May 17, 2006).

However, Plaintiff's overtime claim under § 207 may have merit. Defendant claims that this claim is insufficiently plead, because Plaintiff merely alleged "unspecified" alterations to his electronic time in support of this claim. Mem. Supp. Mot. Dismiss at 8 (citing Compl. ¶ 6(b)). In other areas of the complaint, Plaintiff does allege more specific details about Defendant's conduct depriving him of overtime pay. Compl. ¶ 1 (stating that Plaintiff was told "anyone willing to make deliveries then clock out, then do pick ups" would receive work), ¶ 6(a) (alleging that Defendant "has continually and repeatedly made alterations to my electronic time such as taking out lunches not taken, recoding work time to wait time and . . . just deleting time worked"), ¶ 7(c) & (8) (alleging that Defendant changed Plaintiff's job classification but failed

9

to pay him according to established practices or policies). As Defendant acknowledges, the court is required to construe a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court finds Plaintiff has sufficiently stated a claim for violation of the FLSA's overtime provision. Even so, because the court is providing Plaintiff with the opportunity to amend his complaint, the court suggests that Plaintiff include additional factual allegations giving specific details about his failure to be paid for overtime work.

### E. Claims Under North Carolina and Federal Administrative Codes

The complaint alleges that Defendant violated title 13, sections 12.0307 and 12.0310 of the North Carolina Administrative Code. Compl. ¶ 7. Although these regulations may be useful to a court in interpreting violations of the NCWHA, they do not on their own create a private individual's right to sue for violations of the regulations. *See* 13 N.C. Admin. Code §§ 12.0307, 12.0310. Furthermore, because the court has decided that Plaintiff's claims under the NCWHA must be converted to section 301 claims under the FLSA, any reference to these regulations is irrelevant. Thus, any claims brought by Plaintiff under sections of the North Carolina Administrative Code warrant dismissal by the court.

Plaintiff seeks leave to amend the complaint to correctly bring one of his claims under title 29, section 785.48 of the Code of Federal Regulations. *See* Compl. ¶ 6(a); Mot. Am. Again, although this federal regulation may be useful to aid the court's interpretation of potential FLSA violations, neither the FLSA nor the regulations promulgated under it by the Department of Labor grant private individuals a right to sue directly under the regulations. Therefore, Plaintiff's motion to amend will be denied, because it is futile to amend the complaint on this basis. And, the court will dismiss Plaintiff's purported claim under 29 U.S.C. § 785.48, *see* Compl. ¶ 6(a).

### IV. CONCLUSION

Plaintiff's Motion for Default Judgment is DENIED; Defendant's Motion to Dismiss is DENIED IN PART and GRANTED IN PART; and Plaintiff's Motion to Amend is DENIED. The following claims are DISMISSED: (1) under 29 U.S.C. § 158; (2) under 29 U.S.C. §§ 204, 211; (3) under "29 U.S.C. [§] 785.48"; and (4) under N.C. Admin. Code §§ 12.0307, 12.0310. Plaintiff's claim based on any violation of 29 U.S.C. § 141(b), the NCWHA, and/or the CBA is converted to a claim under 29 U.S.C. § 185(a) (i.e., LMRA section 301). Plaintiff's claim under 29 U.S.C. § 207 remains. Plaintiff may file an amended complaint, as outlined above, within 15 days of the date of this order. Defendant has the right to file a motion to dismiss the amended complaint in lieu of an answer. If Plaintiff does not timely file an amended complaint, the court will dismiss Plaintiff's LMRA section 301 claim. Defendant's second motion to stay discovery is GRANTED. Discovery is STAYED pending Plaintiff's filing of an amended complaint. If Defendant files a motion to dismiss the amended complaint, discovery is further stayed through the court's ruling on that motion to dismiss.

This 21 July 2010.

                                                    _____
                                                    W. Earl Britt
                                                    Senior U.S. District Judge