UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-411-BR

| | |
|---|---|
| CHRISTOPHER EUGENE BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's second motion to dismiss and on Plaintiff's motion to amend the complaint. The period to respond and reply to these motions has elapsed, and the matters are now ripe for disposition.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, is a union member in Defendant's employ. Plaintiff initially alleged several transgressions by Defendant, including violations of the National Labor Relations Act, the North Carolina Wage and Hour Act ("NCWHA"), the Labor Management Relations Act ("LMRA"), the Fair Labor Standards Act ("FLSA"), and some federal and state administrative code sections. (Compl. ¶¶ 1-7.) On 21 July 2010, this court ruled on Defendant's first motion to dismiss the complaint and dismissed several of Plaintiff's claims against Defendant. (See 7/21/10 Order, DE # 28, at 11.)[1]

However, with respect to Plaintiff's claim under section 301 of the LMRA, 29 U.S.C. § 185(a), the court permitted Plaintiff "the opportunity to amend his complaint to properly state a

---

[1] The following claims were dismissed: "(1) under 29 U.S.C. § 158; (2) under 29 U.S.C. §§ 204, 211; (3) under '29 U.S.C. [§] 785.48'; and (4) under N.C. Admin. Code §§ 12.0307, 12.0310." (7/21/10 Order, DE # 28, at 11.)

claim under section 301 . . . ."[2]  (Id. at 9.)  Plaintiff was permitted to file an amended complaint within fifteen days of the 21 July 2010 order.

On 5 August 2010, Plaintiff filed a three-page document entitled "Motion to Amend Complaint."  (DE # 29.)  Defendant elected to treat this document as an amended complaint, and Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on 19 August 2010.  (DE # 31.)  Plaintiff filed a response on 10 September 2010.  (DE # 34.)

## II. DISCUSSION

A.  Plaintiff's Motion to Amend Complaint

Plaintiff is proceeding *pro se*.  Pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  See id.; Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Because the document filed by Plaintiff on 5 August 2010 appears to be an amended complaint rather than a motion for leave to amend, the court will treat it as the amended complaint that Plaintiff was given leave to file pursuant to the 21 July 2010 order.  Plaintiff's amended complaint supercedes the original complaint.  See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted).

B.  Defendant's Motion to Dismiss Plaintiff's LMRA claim

---

[2] The court notes that, pursuant to the terms of the 21 July 2010 order, Plaintiff's claim based on any violation of 29 U.S.C. § 141(b), the NCWHA, and/or the Collective Bargaining Agreement was converted to a claim under 29 U.S.C. § 185(a) (*i.e.*, LMRA section 301).  (See 7/21/10 Order, DE # 28, at 4-6, 9, 11.)

2

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the sufficiency of the allegations in the complaint. A motion to dismiss under this rule determines only whether a claim is stated on the facts alleged; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[,]" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does the court accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" Id. (quoting Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

The court first notes that Plaintiff has attached three exhibits to his amended complaint: (1) an electronic recording of a grievance meeting between Plaintiff, union representative Steve Bishop, and United Parcel Service, Inc. ("UPS") manager Clayton Dorn that took place on or about 12 March 2009 (DE # 29-1, Ex. 1a); (2) an electronic recording of a grievance meeting between Plaintiff, Steve Bishop, Clayton Dorn, and UPS Labor Manager John Vinkler that took place on or about 2 April 2009 (DE # 29-1, Ex. 1b); and (3) one of Plaintiff's UPS timecards (DE # 29-2, Ex. 2). Defendant has not questioned the authenticity of any of the exhibits.

While the primary considerations in a Rule 12(b)(6) motion are the allegations in the

3

complaint, the court "is not limited to the four corners of the complaint . . . ." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004).  This is so notwithstanding the directive stated in Rule 12(d):

> If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 . . . [and][a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  The matters which a court may consider on a Rule 12(b)(6) motion without converting it into one for summary judgment include documents appearing in the record of the case, matters of public record, items subject to judicial notice, matters incorporated by reference into the complaint, and exhibits attached to the complaint whose authenticity is unquestioned.  See 5B Wright & Miller, supra, § 1357; see, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Witthohn v. Fed. Ins. Co., 164 Fed. Appx. 395, 396-97 (4th Cir. 2006); Simons v. Montgomery Cnty. Police Officers, 762 F.2d 30, 31-32 (4th Cir. 1985); In re FAC Realty Sec. Litig., 990 F. Supp. 416, 420 (E.D.N.C. 1997).  These matters may properly be considered because "a lack of notice for the nonmoving party is not implicated."  In re FAC Realty Sec. Litig., 990 F. Supp. at 420.

    The court also reiterates that it has a duty to interpret liberally pleadings filed by *pro se* litigants.  See Haines, 404 U.S. at 520.  Therefore, where Defendant has not questioned the authenticity of the exhibits attached to Plaintiff's amended complaint, the court finds it appropriate to consider these exhibits without converting the motion to dismiss into a motion for summary judgment.

    As previously stated by the court in its 21 July 2010 order, in order to withstand a motion to dismiss his LMRA claim, "Plaintiff must specifically allege the nature of his attempts to

4

exhaust the grievance procedures and any attendant failures by his union to represent him fairly through those procedures." (7/21/10 Order, DE # 28, at 8.) The court found that Plaintiff's initial complaint did "not contain enough specific allegations regarding [Collective Bargaining Agreement ("CBA")]-mandated remedies or any breach by the union to support a claim under section 301." (Id.)

Here, the amended complaint does not contain any specific facts to show that Plaintiff exhausted his administrative remedies.[3] However, even if the court were to find that Plaintiff did exhaust his administrative remedies, the court would still grant Defendant's motion to dismiss because the amended complaint does not contain any allegations which show that the union breached its duty of fair representation.

In the amended complaint, Plaintiff alleges that his union "was arbitrary and or grossly deficient in its representation of my grievances or issues involving seniority and pay." (Am. Compl. ¶ 1.) This statement is a legal conclusion and, as such, it is not entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1951. Similarly, Plaintiff's allegation that union representative Steve Bishop "did fail in his duty of fair representation by not protecting and or enforcing my legal rights with regards to the CBA and or State and or Federal Laws regarding seniority and pay issues" is a conclusory statement that is devoid of specific factual allegations. (Am. Compl. ¶ 1.) Thus, neither of these statements is sufficient to show that Plaintiff is entitled to relief.

Plaintiff further alleges in his amended complaint that union representative Steve Bishop "did fail in his duty of fair representation by not moving my grievances regarding seniority and

---

[3] The court does not have a copy of the CBA at issue and, therefore, cannot say whether it contains a grievance procedure and whether that procedure is Plaintiff's exclusive recourse.

5

pay issues to the next level in the grievance machinery outlined in the CBA effectively ending my grievance process with regards to seniority and pay." (Id.) The court acknowledges that this statement does contain a specific, nonconclusory factual allegation; however, this allegation is insufficient to state a claim upon which relief can be granted.

To show that a union breached its duty of fair representation, an employee must demonstrate that the union recklessly disregarded the employee's rights, was grossly deficient in its representation, or otherwise acted arbitrarily, discriminatorily or in bad faith in handling the employee's grievances. Thompson v. Aluminum Co. of Am., 276 F.3d 651, 657 & n.5 (4th Cir. 2002). "Whether a union acted arbitrarily, discriminatorily or in bad faith requires a separate analysis, because each of these requirements represents a distinct and separate obligation." Id. at 657.

A union's conduct is arbitrary if it is "so far outside a wide range of reasonableness that it is wholly irrational." Id. at 657. On the other hand, a union does not breach its duty of fair representation merely by refusing to bring a grievance to arbitration. See Vaca v. Sipes, 386 U.S. 171, 191-92 (1967). Furthermore, "'a union's exercise of its judgment need not appear as wise in the glaring light of hindsight, and a violation of the duty of fair representation is not made out by proof that the union made a mistake in judgment.'" Thompson, 276 F.3d at 658 (quoting Smith v. Local 7898, United Steelworkers of Am., 834 F.2d 93, 96 (4th Cir.1987)). "As long as a union does not arbitrarily ignore a meritorious grievance or handle it in a perfunctory manner, that union has not violated its duty of fair representation." Id.

Here, the union did not arbitrarily ignore Plaintiff's grievances. In fact, as demonstrated by Exhibits 1a and 1b to Plaintiff's amended complaint, Plaintiff and his union representative

6

participated in two grievance meetings, one of which was over two hours long. Exhibit 1b also demonstrates that the union representative made Plaintiff a settlement offer, and Plaintiff refused to accept the offer. Therefore, Plaintiff's own evidence demonstrates that his union did not handle his grievances in a perfunctory manner.

Next, the court will consider whether the union acted discriminatorily or in bad faith. "While the analysis of whether a union's actions were arbitrary looks to the objective adequacy of that union's conduct, the analysis of discrimination and bad faith must focus on the subjective motivation of the union officials." Id. With respect to this issue, Plaintiff's original complaint described actions taken by UPS Labor Manager John Vinkler "in an attempt to have [Plaintiff] drop [his] grievances . . . ." (Compl. ¶ 2.) Because these allegations were not included in the amended complaint, which superseded the original complaint, they are no longer at issue. See Williams v. Walker, No. 90-6631, 1991 WL 49626, *1 n.1 (4th Cir. Apr. 9, 1991); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1476 (2d ed. 1990).

However, even if Plaintiff is given every benefit of the doubt, and the court assumes that the *pro se* Plaintiff may have inadvertently omitted these allegations, his LMRA claim cannot survive Defendant's motion to dismiss. Here, Plaintiff's amended complaint fails to cure the deficiency noted in the 21 July 2010 order, where the court stated that "it is unclear from the complaint whether the person specified [*i.e.*, John Vinkler] is an agent of Plaintiff's union." (7/21/10 Order, DE # 28, at 8.) Thus, having reviewed the amended complaint and the attached exhibits, the court finds no evidence that Plaintiff's union discriminated against him in any way or acted with bad faith in deciding not to take his grievances to the next level.

7

In summary, Plaintiff has alleged no facts in his amended complaint to show that he exhausted his administrative remedies or to show that his union acted in an arbitrary, discriminatory or bad faith manner. Accordingly, he has failed to state a claim under the LMRA, Section 301, 29 U.S.C. § 185(a).

### III. CONCLUSION

Plaintiff's "Motion to Amend Complaint" (DE # 29) is DENIED AS MOOT. Under the circumstances, Plaintiff did not need permission from the court before filing his amended complaint. The Clerk is DIRECTED to re-file Docket Entry No. 29 as an amended complaint with an effective filing date of 5 August 2010. Defendant's motion to dismiss Plaintiff's LMRA claim (DE # 31) is GRANTED.

Plaintiff's overtime claim under the FLSA, 29 U.S.C. § 207, remains. The stay of discovery granted by the court's 21 July 2010 order is hereby LIFTED, and the parties are directed to submit a proposed discovery plan within 21 days of the date of this order.

This 27 January 2011.

                                                                          W. Earl Britt
                                                                          Senior U.S. District Judge