UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-411-BR

| | |
|---|---|
| CHRISTOPHER EUGENE BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's Motion to Reconsider. (DE # 40.) The period to respond and reply to this motion has elapsed, and the matter is now ripe for disposition. The factual and procedural history of this case has been detailed in previous orders of the court (see DE ## 28, 36) and will not be repeated here.

Plaintiff asks the court to reconsider its 27 January 2011 order, which granted Defendant's motion to dismiss Plaintiff's claim under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (See 1/27/11 Order, DE # 36.) In dismissing Plaintiff's LMRA claim, the court found that the amended complaint did not "contain any specific facts to show that Plaintiff exhausted his administrative remedies" and that it did not "contain any allegations which show that the union breached its duty of fair representation." (Id. at 5.)

The court has wide discretion to determine whether to set aside interlocutory orders at any time prior to the entry of a final judgment. See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"); Fayetteville Investors v.

Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); Fed. R. Civ. P. 54(b) (providing that interlocutory orders that resolve fewer than all claims "may be revised at any time before the entry of [final] judgment"). Generally, however, "'motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court . . . .'" McLaurin v. E. Jordan Iron Works, Inc., 666 F. Supp. 2d 590, 596 (E.D.N.C. 2009) (quoting Zurich Capital Mkts., Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)); see also DIRECTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) ("Motions to reconsider are not proper where the motion merely asks the court to rethink what the Court had already thought through - rightly or wrongly." (citation and internal quotation marks omitted)).

For the most part, Plaintiff's memorandum in support of his motion for reconsideration merely repeats the facts and allegations that Plaintiff previously set forth in his amended complaint. Plaintiff does present new information in his memorandum in that he clarifies that John Vinkler was not an agent of the union but rather was "an agent of Defendant UPS." (Mem. Supp. Mot. Recons., DE # 41, at 4.) However, this clarification only serves to reinforce the conclusion reached by the court in its 27 January 2011 order that the amended complaint does not contain any allegations which show that Plaintiff's union discriminated against him in any way or acted with bad faith in deciding not to take his grievances to the next level. (See 1/27/11 Order, DE # 36, at 7.) As a result, nothing in Plaintiff's motion warrants reconsideration of the court's order.

2

Accordingly, Plaintiff's motion for reconsideration is DENIED.

This 24 March 2011.

                                          W. Earl Britt
                                          Senior U.S. District Judge

3