| | |
|---|---|
| CHRISTOPHER EUGENE BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on *pro se* Plaintiff's motion to compel [DE-55], Defendant's motion to compel and for a limited extension of discovery [DE-59], and Defendant's motion to continue the trial date [DE-64]. Defendant has responded to Plaintiff's motion [DE-56], and Plaintiff filed a reply[1] [DE-57]. Plaintiff has also responded to Defendant's motion [DE-60]. Accordingly, the matters are ripe for decision.

## BACKGROUND

Plaintiff is an employee of Defendant, United Parcel Service, Inc. Plaintiff initially alleged violations of the National Labor Relations Act, the North Carolina Wage and Hour Act, the Labor Management Relations Act, the Fair Labor Standards Act ("FLSA"), and some federal and state administrative code sections. However, the Court subsequently dismissed several of Plaintiff's claims, and only his overtime claim under the FLSA, 29 U.S.C. § 207, remains. [DE-28 & 36.]

On June 20, 2011, Plaintiff filed his first motion to compel [DE-49], which sought responses

---

[1] The Court's local rules do not permit replies in discovery disputes. Local Civil Rule 7.1(f)(2). The Court has read Plaintiff's reply, but finds that its consideration is not necessary to the Court's ruling on this matter. Plaintiff shall familiarize himself with the Court's local rules, which may be found on the Court's website at http://www.nced.uscourts.gov/rules/Default.aspx.

to a number of Rule 34 document requests served on Defendant on March 19, 2011. Defendant responded that the parties had engaged in several discussions in June 2011 regarding the Plaintiff's document requests and had resolved many of the pending discovery disputes. On June 21, 2011, Defendant advised Plaintiff that it would proceed with document production and that it would follow up with him the following week with an estimated time frame for production. On June 27, 2011, without further communication with Defendant's counsel, Plaintiff mailed to the Court, and to Defendant, the first motion to compel.

The Court denied the first motion to compel without prejudice for Plaintiff to refile after Defendant made its document production and the parties attempted in good faith to resolve the remaining disputed issues. The Court also noted that this would allow Plaintiff to specify in any subsequent motion the particular requests that remained outstanding. On August 5, 2011, Plaintiff filed his second motion to compel, which sought responses to the same Rule 34 document requests that were the subject of the first motion to compel. That same day, Defendant sent, by overnight mail, its document production to Plaintiff.

On August 11, 2011, Defendant served interrogatories and document requests on Plaintiff. Defendant also noticed Plaintiff's deposition for September 14, 2011. On September 6, 2011, Plaintiff responded by email to Defendant's counsel with a series of objections to the discovery requests, and on September 7, 2011, Plaintiff again emailed Defendant's counsel, in response to a message from Defendant's counsel regarding his deposition, stating that he had not received any deposition notice, that the time and location for the deposition were unacceptable, and that his deposition would be inappropriate because he is *pro se* and would not be able to cross examine himself in court. Def.'s Mem., Ex. 2 & 3 [DE-59-3 & 59-4]. Defendant's counsel's efforts to reach

2

Case 5:09-cv-00411-BR   Document 65   Filed 12/22/11   Page 2 of 14

Plaintiff to discuss these disputes failed, and on September 15, 2011, Defendant filed the instant motion to compel and for an extension of the discovery deadline.

## DISCUSSION

**I.     Plaintiff's Motion to Compel [DE-55].**

Defendant first argues that the Court should deny Plaintiff's motion because he did not confer in good faith with Defendant's counsel before filing his motion as required by Local Civil Rule 7.1(c).  For that same reason, Plaintiff's prior motion to compel [DE-49] was denied without prejudice to refile after Defendant had made its document production and the parties had attempted in good faith to resolve any remaining disputed issues. [DE-51.]   Plaintiff contends that he attempted to confer with Defendant's counsel, but was unable to "secure the requested information in whole without court action." Pl.'s Mot. at 3 [DE-55].  After receiving the August 5 production, Plaintiff objected, by email to Defendant's counsel, that the documents were "completely unacceptable" in form and that they were fabricated or contained false information. Def.'s Resp., Ex. J [DE-56-2].

It is evident that the parties have had difficulty communicating due in part to Plaintiff's work schedule and access to mail.  Plaintiff chose to file this action and must make himself reasonably available to participate in discovery.  Plaintiff shall confirm with Defendant the mailing address at which he wishes to receive correspondence regarding this case, and the Court will hold Plaintiff accountable for receiving documents sent to that address.  It is further evident that the parties did undertake some discussions in an attempt to resolve the discovery dispute.  However, Plaintiff appears to have understood that he was to receive Defendant's document production on August 5 and when he did not, he then filed the instant motion.  Therefore, giving due consideration to

Plaintiff's *pro se* status and in the interest of moving this case forward, the Court will not again deny Plaintiff's motion on procedural grounds and will proceed to the merits and address each document request in turn.

> **Request No. 1:** All and Complete Payroll Records, Payroll History, Electronic Timecards in all Forms and from all Sources to include but not limited to Electronic Time Clocks and DIAD Boards For Christopher Eugene Buckner UPS Employee number 2086863 from October 2006 through Present Date.

Defendant objected to this request on various grounds, but ultimately produced Plaintiff's payroll records from November 4, 2006 through June 25, 2011, which it maintains represents Plaintiff's complete payment history with Defendant. While Plaintiff initially objected to the time frame for the documents Defendant had agreed to produce, Pl.'s Mot., Ex. C at 3 [DE-55-3], Defendant ultimately produced Plaintiff's complete payment history. Furthermore, Defendant has submitted a declaration executed by its counsel, which states that the documents were produced to Plaintiff "as they are maintained in the ordinary course of business at UPS." Decl. of Kimberly L. Fogarty ("Fogarty Decl.") § 24 [DE-56-1]. Therefore, it appears that Defendant has fully responded to this request, and, accordingly, Plaintiff's motion with respect to Request No. 1 is **DENIED**.

> **Request No. 2:** Daily and Weekly Employee Work Report, Time Card Reports, Daily and Weekly Payroll Details Reports, Daily and Weekly Employee Statistics Reports For Christopher Eugene Buckner UPS Employee number 2086863 from October 2006 through Present Date.

Defendant objected to this request on various grounds, but ultimately produced Plaintiff's time card data from August 2007 through July 2, 2011, which it maintains is the complete time card data for Plaintiff that was available in Defendant's database. Again, Plaintiff objected to the time frame for the documents Defendant had agreed to produce, Pl.'s Mot., Ex. C at 3, but Defendant ultimately produced Plaintiff's complete time card data available in its database. Furthermore,

Defendant has submitted evidence that it does not maintain time card audits for more than six weeks. Fogarty Decl. § 20. With respect to the Weekly Employee Work Report, Defendant contends that it does not maintain those reports as created by the local management teams, but only the data used to create the reports and that all relevant data from any such report was produced in the time card data. *Id.* § 19-20. It appears to the Court that Defendant has produced all the requested information that is in its possession, custody, or control, and, accordingly, Plaintiff's motion with respect to Request No. 2 is **DENIED**.

> **Request No. 3:** Complete Pay Wage History For Christopher Eugene Buckner UPS Employee number 2086863 from October 2006 through Present Date.

Defendant objected to this request on various grounds, including that it was duplicative, but otherwise contends that it has produced Plaintiff's payroll records for his entire employment with Defendant. Plaintiff responded that Defendant uses multiple versions of the same report and that the request was intended to ensure that he received all versions of reports containing his payroll information so that he could uncover any inconsistencies in the information provided. Pl.'s Mot., Ex. C at 3. Defendant has produced all of Plaintiff's payroll records and has confirmed that there is "no 'wage history' separate and apart from payroll records." Fogarty Decl. § 7. It appears that Plaintiff has received all documents responsive to his requests related to his pay history, and, accordingly, Plaintiff's motion with respect to Request No. 3 is **DENIED**.

> **Request Nos. 4-10:**
>
> **Request No. 4:** All and Complete Supervisor's Reports for the Entire Raleigh, NC Hub from October 2006 through Present Date.
>
> **Request No. 5:** All and Complete Package Center Daily and Weekly Operations Report Statistics for All Centers in the Raleigh, NC Hub from October 2006 through Present Date.

5

**Request No. 6:** Twilight, Midnight and Preload Daily and Weekly Operations Report Statistics for the Entire Raleigh, NC Hub from October 2006 through Present Date.

**Request No. 7:** All and Complete Records and or Reports Generated by and or for a Software Program Utilized by UPS Management that tracks any and all changes made to Electronic Time and by Who and When they were made for All Employee's for the Entire Raleigh, NC Hub from October 2006 through Present Date.

**Request No. 8:** All and Complete Pay Wage History for the Last 100 Permanent Full-time Package Car Drivers either Hired and or Promoted and or Awarded New Bids for the Entire Raleigh, NC Hub from October 2006 through Present Date.

**Request No. 9:** All and Complete Time Card Reports, Daily and Weekly Payroll Detail Reports and All Electronic Time Cards from All Sources for All Employee's for the Entire Raleigh, NC Hub from October 2006 through Present Date.

**Request No. 10:** All and Complete PTE edits for each day for the Entire Raleigh, NC Hub from October 2006 through Present Date.

Defendant objected to these requests on various grounds, including that they sought confidential information for other employees, which Defendant contends is not relevant to Plaintiff's remaining FLSA claim, and that the phrase "Supervisor's Reports" was vague. Plaintiff responded that Defendant uses multiple versions of the same report and that the request was intended to ensure that he could compare reports to uncover falsified documents, that Defendant is aware of the requested "Supervisor's Reports," that the requests are reasonably calculated to lead to the discovery of admissible evidence, and that other employees' payroll information is not confidential. Pl.'s Mot., Ex. C at 4-7.

Plaintiff's sole remaining claim in this action is an overtime claim under the FLSA, 29 U.S.C. § 207. Plaintiff has alleged that Defendant made alterations to his electronic time record, which deprived him of the appropriate pay for overtime worked. Compl. ¶¶ 1, 6(a), 7(c) & 8. Therefore, to the extent that Defendant maintains other reports not produced that contain Plaintiff's

6

payroll related information, such reports may well be relevant to Plaintiff's claim that Defendant altered his time record. However, the Court agrees with Defendant that the payroll information of other employees is not relevant to Plaintiff's claim that he was not paid for overtime worked. Accordingly, Plaintiff's motion with respect to Request Nos. 4-7, 9, and 10 is **GRANTED IN PART** to the extent such reports exist and contain information related to Plaintiff's time records and is **DENIED IN PART** as to any information related to other employees' time records. In the event Defendant maintains any responsive documents, it must only produce the portion that contains information related to Plaintiff's time records and shall redact, if necessary, any information related to other employees' time records. To the extent Defendant maintains no responsive documents, Defendant shall so state in its response. Plaintiff's motion with respect to Request No. 8 is **DENIED**, as it only relates to records regarding other employees' records, which are not relevant to Plaintiff's overtime claim.

In summary, Plaintiff's motion with respect to Request Nos. 1-3 and 8 are **DENIED** and Request Nos. 4-7, 9 and 10 are **GRANTED IN PART AND DENIED IN PART**.

**II.     Defendant's Motion to Compel and for Extension of Discovery Deadline [DE-59].**

Defendant asks the Court to compel Plaintiff to respond to interrogatories and document requests and to sit for his deposition at the noticed location. Defendant also seeks an extension of the discovery deadline. Plaintiff opposes Defendant's motion in total.

**A.     Requests for Production of Documents and Interrogatories.**

Defendant served ten requests for production and ten interrogatories on Plaintiff. Plaintiff responded to each discovery request with the general objections that the interrogatory or document request was vague, overly broad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence. In addition to the general objections, Plaintiff indicated that he had produced some responsive documents in his Rule 26(a) initial disclosures and that Defendant was in possession of some of the requested material. Plaintiff has produced no documents and provided no information in response to the document requests and interrogatories.

**Request Nos. 1-3 & 6-10:**

**Request No. 1:** Each and every document that relates to or reflects all sources and/or amounts of your income or earnings, in whatever form, from UPS and any other source(s), for the period from January 1, 2006 to the present, including but not limited to your federal and state tax returns and I.R.S. Forms W-2 and 1099.

**Request No. 2:** Each and every document that relates to or reflects the number of hours you claim to have worked per week for UPS from November 1, 2006 to the present, including but not limited to all Calendars, diaries, journals, schedules, appointment books, leave records, hospitalization records, or other records indicating your presence or absence at work.

**Request No. 3:** Each and every document that relates to or reflects the damages to which you contend you are entitled in this lawsuit.

**Request No. 6:** Each and every document that relates to, reflects, or evidences any grievances or complaints, whether internal or external, regarding any activity that you contend in this lawsuit constitutes a violation of the Fair Labor Standard Act, including without limitation the grievances/complaints that you filed and any documents reflecting the settlement or resolution of such matters.

**Request No. 7:** Each and every document that you contend supports your allegation that UPS has falsified records relating to your hours of work and/or rates of pay.

**Request No. 8:** Each and every document that you contend supports your allegation that UPS has paid you the incorrect rate of pay for all overtime hours worked.

**Request No. 9:** Each and every document that you believe supports your contention that any alleged FLSA violations by UPS were willful.

**Request No. 10:** To the extent not otherwise produced in response to the foregoing requests, each and every document that you contend supports your claims against UPS.

These requests are similar in that they seek information regarding Plaintiff's income and hours worked or other information that Plaintiff contends supports his claim that Defendant failed to pay him for overtime worked. The Court has considered each of these requests and finds that, given the nature of Plaintiff's claim, they seek relevant information reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). As to Plaintiff's specific objections, he need not reproduce documents that he has provided previously with his initial disclosures, and the time frame is limited to November 1, 2006 to the present, which is the time period of payroll records that Defendant produced. Def.'s Resp. at 6 [DE-56]. Furthermore, while Defendant would presumably possess some of the documents it has requested, as Plaintiff contends, Defendant has explained that it is interested in any notes Plaintiff may have made on the documents and whether there are any inconsistencies between Plaintiff's and Defendant's records. Therefore, Defendant's motion is **GRANTED** as to Request Nos. 1-3 and 6-10. To the extent Plaintiff has no further responsive documents within his possession, custody or control, he shall so state in his response.

**Request Nos. 4-5:**

**Request No. 4:** Each and every document that relates to or reflects any lawsuit, state, local, or federal government agency charge, complaint, claim, or action, including bankruptcy filings, that has been filed or otherwise initiated by you or on your behalf, including but not limited to any and all documents relating to or reflecting all lawsuits and proceedings identified in response to Interrogatory No. 5 served contemporaneously herewith.

**Request No. 5:** Each and every document that relates to or reflects any instance in which you have been arrested and/or convicted by any state, county, local, or federal government court, department, or agency, including but not limited to any and all documents relating to or reflecting all arrests and convictions identified in response to Interrogatory No. 6 served contemporaneously herewith.

Plaintiff objected that these requests are, among other things, irrelevant. Defendant contends

9

that the information sought goes to Plaintiff's credibility. Evidence of a criminal conviction may be used, subject to certain limitations, to attack a witness's character for truthfulness. Fed. R. Evid. 609. Additionally, evidence of a crime, wrong, or other act, may be admissible for certain limited purposes. Fed. R. Evid. 404(b). While this type of information may ultimately prove inadmissible, and Plaintiff is entitled to later challenge Defendant's use of such evidence, the Court finds that it is relevant for the purpose sought – to explore potential grounds to challenge Plaintiff's credibility – and is, therefore, reasonably calculated to lead to the discovery of admissible evidence. *See E.E.O.C. v. Luihn Food Sys., Inc.*, No. 5:09-cv-387-D, 2011 WL 649749, at *5 (E.D.N.C. Feb. 11, 2011) (granting, in the context of a Title VII discrimination case, a motion to compel production of information related to charging parties' criminal history, including arrests, charges, and convictions for felonies and misdemeanors). Therefore, Defendant's motion with respect to Request Nos. 4-5 is **GRANTED**.

**Interrogatory Nos. 1-4 & 7-10:**

**Interrogatory No. 1:** Identify each and every person with whom you have communicated concerning any of the allegations and claims contained in the Complaint and, for each such person identified: state the type of communication (e.g. oral, written, computer, etc.); state the date of the communication; describe in detail the substance of the communication; state the identity of all participants and witnesses to the communication; and identify any and all documents evidencing or supporting such communication. For each person listed, give an address and phone number at which the person may be contacted.

**Interrogatory No. 2:** Identify each and every person whom you believe has knowledge of any facts relating to any of the allegations or claims contained in the Complaint and, for each such person identified, state the facts believed to be known by that person. For each person listed, give an address and phone number at which the person may be contacted.

**Interrogatory No. 3:** Identify all documents, including but not limited to Calendars, diaries, journals, day timers, tapes, or other compilations of information or data

created by you or at your request, that contain information pertaining to your employment with UPS, including but not limited to any such documents, that show your job duties or hours of work.

**Interrogatory No. 4:** Identify all documents of which you know or have awareness, regardless of whether they are or have ever been in your possession, pertaining to the claims and allegations made in the Complaint, or otherwise related to alleged wrongful conduct by UPS.

**Interrogatory No. 7:** Identify any names other than Christopher Eugene Buckner by which you have ever been known and the dates that you used or were known by each name.

**Interrogatory No. 8:** State the date and place of your birth; your social security number; your current home address; the names, ages, and gender of all persons living at said address and their relationship to you; and the name(s) and addressees) of your spouse and former spouse(s), if any.

**Interrogatory No. 9:** Identify each and every separate item of damages that you are seeking to recover in this action. For each category of damages identified, state the dollar amount to which you contend you are entitled, describe in detail the calculations by which you determined the amount of such damages, identify each and every fact and document that supports your claim for such damages.

**Interrogatory No. 10** For each week in which you claim you were not properly compensated under the Fair Labor Standards Act as alleged in the Complaint, state the number of hours you claim you worked in that week, the basis for that calculation, and identify any documents that support your contention regarding the number of hours you claim to have worked.

Plaintiff made the same general objection to each interrogatory – that it was irrelevant, vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. These interrogatories are similar in that they seek information regarding the basis for Plaintiff's claims, potential witnesses, or other information that Plaintiff contends supports his claim that Defendant failed to pay him for overtime worked. The Court has considered these interrogatories and finds that, given the nature of Plaintiff's claim, they seek relevant information reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Therefore,

Therefore, Defendant's motion with respect to Interrogatory Nos. 1-4 and 7-10 is **GRANTED**.

**Interrogatory Nos. 5 & 6:**

**Interrogatory No. 5:** List each lawsuit and each state, local, or federal government agency charge, complaint, claim, or action, including bankruptcy filings, that has been filed or otherwise initiated by you or on your behalf. For each such lawsuit, charge, complaint, claim, or other action listed, identify all parties thereto; state the date on which the action was initiated; identify the court or agency where the action was filed; state the case, charge, claim, or action number; describe the nature of the action (i.e., employment discrimination charge, unemployment claim, workers' compensation claim, contract dispute, tort lawsuit, bankruptcy action, etc.); indicate whether the case, charge, claim, or action remains pending as of the date of your response to this interrogatory; and, if applicable, describe in detail how the complaint, lawsuit, charge, claim, or action was resolved.

**Interrogatory No. 6:** List each instance in which you have been indicted, charged, and/or arrested by any state, county, local, or federal government court, department, or agency. For each such indictment, charge, and/or arrest: state the date, case number, and charge number; describe the nature of the offense upon which the indictment, charge, and/or arrest was based; state the state and county in which the indictment, charge, and/or arrest occurred; state the identity of the indicting, charging, and/or arresting court, department, and/or agency; describe the disposition of the indictment, charge, and/or arrest; state the dates over which you were incarcerated for any indictment, charge, and/or arrest; and describe the conditions of any parole or probation resulting from the indictment, charge, or arrest.

Plaintiff made the same general objection to these interrogatories, that they are irrelevant, vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. These interrogatories seek the same type of information as Document Request Nos. 4 and 5, and the Court finds that they seek relevant information that is reasonably calculated to lead to the discovery of admissible evidence for the same reasons previously discussed, *see supra* pp. 9-10. Therefore, Defendant's motion to compel is **GRANTED** as to Interrogatory Nos. 5 and 6.

In summary, Defendant's motion to compel Plaintiff's responses to requests for production and interrogatories is **GRANTED**.

### B. Plaintiff's Deposition.

Defendant noticed Plaintiff's deposition for September 14, 2011, at Defendant's counsel's office "in the Raleigh-Durham area" during normal business hours. Def.'s Mem. at 2 § II [DE-59-1]. Plaintiff objected that the noticed time and location would create an undue hardship because he would have to travel over an hour round trip to an "unfamiliar hostile environment during a work day losing wages[.]" Pl.'s Mem. at 5 § III [DE-60].

Defendant may depose Plaintiff by right pursuant to Rule 30(a) of the Federal Rules of Civil Procedure. As to the location for deposing a party, Rule 30 is silent. Generally, a plaintiff must make himself available for deposition in the district where the action is pending. *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011). However, "a party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order designating a different place." *New Medium Tech. LLC v. Barco N.V.*, 242 F.R.D. 460, 465-66 (N.D. Ill. 2007). "The decision of where a deposition should occur is ultimately an exercise in the vast discretion a district court has in supervising discovery." *Id.* at 462.

Plaintiff resides in Raleigh, North Carolina, approximately 20 miles from Defendant's counsel's office in Durham, North Carolina, which is the location where the deposition was noticed. The Court finds that the noticed location is reasonable. While it is outside of the district, it is in close proximity to Plaintiff's residence and, thus, creates no undue hardship on Plaintiff. With respect to the time issue, it is not unreasonable for Plaintiff to attend his deposition during normal business hours. Plaintiff filed this action and must bear some of the burden in litigating it. Furthermore, Defendant has stated that it will not penalize or retaliate against Plaintiff for taking a day off from work to attend his deposition and that he can use a vacation day or take an unpaid day

13

off. Def.'s Mem. at 10 [DE-59-1]. Accordingly, Defendant's motion to compel Plaintiff to sit for his deposition is **GRANTED**, and Defendant shall re-notice Plaintiff's deposition to occur at its Durham office between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday, on a date no later than **January 18, 2012**.

C.     **Extension of Deadlines.**

Defendant requested that the discovery and dispositive motions deadline be extended by 30 days after the Court's ruling on its motion to compel and that the trial date be continued. The Court finds good cause to grant the extension to allow the parties to effectuate the directives of this order. The parties shall respond to the discovery requests, as ordered herein, by **January 6, 2012**, all discovery shall be completed by **January 30, 2012**, potentially dispositive motions shall be filed no later than **February 29, 2012**, and the trial of this matter is continued to Senior Judge W. Earl Britt's **June 4, 2012** term of court in Raleigh, North Carolina.

## CONCLUSION

Plaintiff's motion to compel [DE-55] is **GRANTED IN PART AND DENIED IN PART**, and Defendant's motion to compel and for extension of discovery deadlines [DE-59] is **GRANTED**, and Defendant's motion to continue [DE-64] is **GRANTED**. The parties shall bear their own expenses in connection with the motions, as the Court finds that the circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

This the 22nd day of December, 2011.

_____
DAVID W. DANIEL
United States Magistrate Judge

14