IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-00411-BR

| | |
|---|---|
| CHRISTOPHER EUGENE BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on *pro se* Plaintiff's Motion to Compel [DE-73] and Declaration in Response to Court Order Dated February 23, 2012 [DE-75]. Defendant has responded to Plaintiff's motion [DE-81], and the matters are ripe for decision.

## BACKGROUND

Plaintiff is an employee of Defendant, United Parcel Service, Inc. Plaintiff initially alleged violations of the National Labor Relations Act, the North Carolina Wage and Hour Act, the Labor Management Relations Act, the Fair Labor Standards Act ("FLSA"), and some federal and state administrative code sections. However, the Court subsequently dismissed several of Plaintiff's claims, and only his overtime claim under the FLSA, 29 U.S.C. § 207, remains. [DE-28 & 36.]

On June 20, 2011, Plaintiff filed his first motion to compel [DE-49], which sought responses to a number of Rule 34 document requests served on Defendant on March 19, 2011. The Court denied the first motion to compel without prejudice for Plaintiff to refile after Defendant made its document production and the parties attempted in good faith to resolve the remaining disputed issues. [DE-51.] On August 5, 2011, Plaintiff filed his second motion to compel [DE-55], which

sought responses to the same Rule 34 document requests that were the subject of the first motion to compel, and on September 15, 2011, Defendant filed a motion to compel and for an extension of the discovery deadline [DE-59]. On December 22, 2011, the Court granted in part and denied in part Plaintiff's motion, granted Defendant's motion, and extended the discovery deadline to January 30, 2012, "to allow the parties to effectuate the directives of [the] order." [DE-65.] On January 6, 2012, Plaintiff filed a motion for reconsideration of the Court's December 22, 2011 Order [DE-66], which was subsequently denied [DE-69].

On January 13, 2012, Plaintiff served his first set of interrogatories, second request for production of documents, and first set of requests for admissions on Defendant. Pl.'s Mot. ¶ 1, Ex. 1-3 [DE-73 to 73-3]. On February 13, 2012, Defendant served its responses, in which it asserted various objections, including that Plaintiff's discovery requests were untimely. Pl.'s Decl., Ex. 1, 3 & 6 [DE-74-1, 74-3 & 74-6]. After attempting to resolve the dispute with Defendant, Plaintiff filed the instant motion to compel and also filed a Declaration in Response to Court Order Dated February 23, 2012, which appears to be a response to the Court's order denying Plaintiff's motion for reconsideration.

## DISCUSSION

**I.  Plaintiff's Motion to Compel [DE-73].**

Defendant contends that the Court should deny Plaintiff's motion because it was untimely. Plaintiff served the discovery requests at issue on January 13, 2012. Under the March 2, 2011 Amended Scheduling Order, all discovery was to be completed by August 2, 2011. [DE-46.] On August 3, 2011, the Court, on Defendant's motion, extended the time to complete discovery to September 16, 2011. [DE-54.] In the Court's December 22, 2011 Order on Plaintiff's second

2

motion to compel and Defendant's motion to compel and for extension of time to complete discovery, the Court extended the discovery deadline "to allow the parties to effectuate the directives of [the] order." [DE-65.] The Court ordered the parties to respond to the discovery requests, in conformity with the order, by January 6, 2012, and ordered that all discovery be completed by January 30, 2012. *Id.* This was not a general extension of the discovery deadline and was explicitly for the purpose of effectuating the directives of the order. However, even if it was reasonable to interpret the extension as allowing new discovery, Plaintiff's discovery requests would still be untimely, as they were not served "so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed." Local Civil Rule 26.1(b). While the Court is cognizant of Plaintiff's *pro se* status, he has been instructed previously to familiarize himself with the Court's Local Rules. Dec. 22, 2011 Order at n.1 [DE-65]. Furthermore, Plaintiff has had ample time to complete discovery, and the Court sees no reason why his January 13, 2012 discovery requests could not have been timely served. Finally, the Court notes that dispositive motions have now been filed by both parties, and this case is set for trial in two months. Accordingly, because Plaintiff's discovery requests were untimely, his motion to compel is **DENIED**.

II.  **Plaintiff's Declaration in Response to Court Order Dated February 23, 2012 [DE-75].**

On February 23, 2012, the Court entered an order denying Plaintiff's motion to reconsider the Court's December 22, 2011 Order. [DE-65.] In Plaintiff's Declaration with respect to the February 23, 2012 Order, he presents what appears to be additional evidence in the form of various payroll related reports that he would like the Court to consider. Plaintiff appears to believe that this proves that Defendant maintains these reports in the ordinary course of business, but has failed to produce them as requested by Plaintiff. Pl.'s Decl. ¶ 4 [DE-75].

3

The Court found in its December 22, 2011 Order that Defendant had fully responded to Plaintiff's request for his payroll history by producing Plaintiff's payroll records from November 4, 2006 through June 25, 2011. Dec. 22, 2011 Order at 4 [DE-65]. As the Court explained in its February 23, 2012 Order, Defendant need not create documents (i.e., recreate historical reports) that it does not keep in the ordinary course of its business. Feb. 23, 2012 Order [DE-69]. It does not necessarily follow that because a report was generated in the past, that it was maintained and can be readily produced in discovery. Furthermore, the Court is satisfied that Defendant has received his complete payroll history, albeit not necessarily in the format that he anticipated. That being said, in its December 22, 2011 Order, the Court concluded that because Plaintiff had alleged that Defendant made alterations to his electronic time record depriving him of the appropriate pay for overtime worked, to the extent that Defendant maintained other reports not produced that contained Plaintiff's payroll related information, such reports may be relevant to show discrepancies and should be produced. Dec. 22, 2011 Order at 6-7.

It appears, based on Plaintiff's Declaration, that no additional reports were produced by Defendant in response to the Court's Dec. 22, 2011 Order. Pl's Decl. ¶ 3. It would be reasonable to conclude, based on Defendant's prior position that it does not maintain such reports in the ordinary course of business, that Defendant did not produce any reports for that reason. However, in an abundance of caution and in an attempt to clarify the issue for the *pro se* Plaintiff, Defendant is **ORDERED**, within seven (7) days of the date of this order, (1) to produce any additional payroll reports not previously produced for the relevant time frame that contain Plaintiff's payroll information (excluding information of other employees or reports that relate only to Plaintiff's rate of pay (Pl.'s Decl., Ex. 8-9), which the court has found to be irrelevant); or (2) to certify to Plaintiff

4

that the requested reports are not maintained by Defendant in the ordinary course of business.

## CONCLUSION

Plaintiff's motion to compel [DE-73] is **DENIED**, and Defendant shall comply with the Court's directive herein with respect to Plaintiff's Declaration in Response to Court Order Dated February 23, 2012 [DE-75].

This 4th day of April 2012.

DAVID W. DANIEL
United States Magistrate Judge